# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LOUIS RYCHWALSKI, JR., #316558 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. GLR-12-2259 |
| LT. CLAYTON, et al. | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

Plaintiff Louis Rychwalski, Jr. ("Rychwalski") filed the above-captioned Complaint pursuant to 42 U.S.C. § 1983. Defendants Warden Green, William Clayton, III, Donald Culotta, and Andrew Miller, by their attorney, filed a Motion to Dismiss, or in the Alternative for Summary Judgment. ECF No. 17. Plaintiff has responded. ECF Nos. 20 & 22. After review of the papers and applicable law, the Court determines that a hearing is unwarranted. See Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the dispositive motion will be GRANTED.

## Background

Rychwalski, an inmate currently confined at ECI, filed the instant Complaint alleging that on July 19, 2011, Defendants Clayton and Miller administered a drug test which was not performed in accordance with Division of Correction Directives. Thereafter, on August 9, 2011, Defendant Culotta used the "DTX drug test picture" to force Plaintiff to plead guilty to an inmate rule infraction. Plaintiff alleges that Warden Green failed to address the issues regarding

his drug testing when he filed an inmate grievance regarding same. Plaintiff claims that Defendants Clayton, Miller and Culotta used falsified disciplinary reports to charge him with an inmate rule infraction. ECF No. 1.

The documentary evidence demonstrates that on July 19, 2011, Lt. W. Clayton, who is certified in inmate drug testing, conducted a urinalysis on Plaintiff. ECF No. 17, Exs. 1 & 2. At the time of Plaintiff's urinalysis, ECI was monitoring Plaintiff's mail in accordance with a program which permits inmates to renounce gang affiliations. Id., Ex. 1. The decision to require Plaintiff to undergo testing was occasioned by Plaintiff's referencing Suboxone, a commonly abused drug, in correspondence to his son. A newly instituted one-step drug test, ("DTX") which exclusively looks for Buprenophrine, an opiate found in Suboxone, was used to test Plaintiff. Id. Plaintiff tested positive for opiate use in the initial testing and again when the sample was retested. Id. During the testing procedure, Plaintiff signed documents acknowledging that the sample collected was his. Id. Based on the test results, Plaintiff was served with a notice of inmate rule infraction and placed on administrative segregation pending an adjustment hearing. Id., Ex. 2.

Plaintiff's adjustment hearing was held on August 9, 2011. Plaintiff pled guilty. The hearing officer accepted Plaintiff's plea, considered the notice of inmate rule violation, and sentenced Plaintiff to 150 days of segregation as well as loss of 120 good conduct credits. Id. Culotta, the staff hearing representative during Plaintiff's disciplinary hearing, avers that he did not threaten or coerce Plaintiff in any way to plead guilty to the rule violation. Id., Ex. 3.

**Standard of Review**

A.      Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6) is to test the sufficiency of the plaintiff's complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-62 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Id. at 562. The court need not, however, accept unsupported legal allegations, see Revene v. Charles County Comm'rs., 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, see Papasan v. Allain, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, see United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005); Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Migdal v. Rowe Price-Fleming Int'l Inc., 248 F.3d 321, 325-26 (4th Cir. 2001); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513

(2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. Id. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." Id. 570.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

B. Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or

the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." Id. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

**Analysis**

A.  Respondeat Superior

Plaintiff's Complaint against Warden Green is based solely upon the doctrine of respondeat superior, which does not apply in §1983 claims. See Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); see also Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a Bivens suit). Liability of supervisory officials must be "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" Baynard v. Malone, 268 F. 3d 228, 235 (4th Cir. 2001), citing Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). Supervisory liability under § 1983 must be supported with evidence that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff, (2) the

6

supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices, and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff has pointed to no action or inaction on the part of Warden Green that resulted in a constitutional injury. Accordingly, his claims against Warden Green shall be dismissed.

B.  Disciplinary Proceedings

Although prisoners do retain rights under the Due Process Clause, prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of good conduct time ("GCT"), he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. See Wolff, 418 U.S. at 564-571. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel during prison disciplinary proceedings. See Baxter v. Palmigiano, 425 U.S. 308, 322-23 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n. 5.

7

The Court finds that the disciplinary process associated with Plaintiff's institutional charge meets the aforementioned minimum due process procedural requirements. He received advanced written notice of the charges, was advised of his rights, and received formal notice of the hearing.

Further, the hearing officer submitted a written statement as to the evidence relied on to determine that Plaintiff was guilty, including Plaintiff's guilty plea and the statements contained in the notice of inmate rule infraction. Plaintiff was given the opportunity to call witnesses and to have an inmate representative but waived such rights. His testimony did not exonerate him from the violation; rather, he pled guilty.

Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. See Kelly v. Cooper, 502 F.Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. See Hill, 472 U.S. at 456; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy.[1]

The proceedings before this Court are not a retrial of the incidents and the undersigned finds that the hearing officer's decision was based upon "some evidence." Plaintiff's contentions that the officer who employed the DTX test was not properly trained, that the DTX test was not a proper mechanism to test for opiates, and that procedures for recording the results

---

[1] The role of the district court is not to afford a de novo review of the disciplinary hearing officer's factual findings. The district court should simply determine whether the decision was supported by some facts. The sole and only issue of constitutional substance is whether there exists any evidence at all, that is, whether there is any basis in fact to support the action taken by the prison officials. Otherwise, the federal court would assume the task of retrying all prison disciplinary disputes.

of the test were not followed,[2] are all in essence challenges to the weight of the evidence against him. The Supreme Court has made clear:

> Ascertaining whether [substantive due process] is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or **weighing of the evidence**. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Hill, 472 U.S. at 455-56 (emphasis added). The hearing officer report indicates that in finding evidence to sustain the charge, he relied on: (1) Plaintiff's guilty plea; and (2) the investigating officer's report. Unlike a judge in a criminal trial, a hearing officer in a disciplinary proceeding is not required to ascertain whether an inmate's guilty plea is voluntary. See Bostic v. Carlson, 884 F.2d 1267, 1272 (1989). The facts relied upon by the hearing officer are sufficient upon which to base a prison disciplinary conviction. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Hill, 472 U.S. at 456. The hearing officer's findings constitute "some" facts upon which the hearing officer was entitled to rely in finding Plaintiff guilty of the charged conduct.

For the reasons stated, summary judgment is granted in favor of Defendants. A separate Order shall be entered in accordance with this Memorandum.

|  | /s/ |
|---|---|
| June 14, 2013 | George L. Russell, III<br>United States District Judge |

---

[2] Petitioner's claim that prison policies were not followed is unavailing. Prison regulations and policy statements are "primarily designed to guide correctional officials in the administration of a prison [and] not designed to confer rights on inmates." Sandin v. Conner, 515 U.S. 472, 481-82 (1995). So long, as here, constitutional minima are met, failures as alleged by Plaintiff do not state a claim. See Mykers v. Kelvenhagen, 97 F.3d 91, 94 (5th Cir. 1996) ("Regardless of any alleged violations of internal regulations the law is settled that the failure to follow a prison directive or regulation does not give rise to a federal claim, if constitutional minima are met.")